UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALDEMARAS CEINORIUS, et al.,<br><br>Plaintiffs/Judgment Creditors,<br><br>v.<br><br>ARTHUR FRANCO, et al.,<br><br>Defendants/Judgment Debtors. | Case No. 19-mc-80070-JSC<br><br>**ORDER RE: JUDGMENT CREDITORS' MOTION TO COMPEL**<br><br>Re: Dkt. No. 14 |

Plaintiffs/Judgment Creditors filed this action seeking to collect on a judgment issued by the United States District Court for the District of Massachusetts. In connection with their collection efforts, Judgment Creditors filed an *ex parte* application for an examination of judgment debtor John Hadayia to assist in collecting on the judgment. The Court granted the request, set the judgment debtor examination, and ordered Mr. Hadayia to produce certain documents in advance of the examination. Judgment Creditors thereafter filed the now pending motion to compel seeking production of the previously ordered documents. (Dkt. No. 12.) Mr. Hadayia has not opposed the motion. Having considered the motion, the Court VACATES the July 16, 2020 hearing, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion to compel.

## BACKGROUND

Judgment Creditors seek to collect on a judgment obtained in the District Court for the District of Massachusetts against Judgment Debtors Arthur Franco and John Hadayia for unpaid wages and attorneys' fees. (Dkt. No. 1.) The judgment was registered in this Court on March 26, 2019 and a writ of execution was issued on April 30, 3019. (Dkt. No. 3.) On February 18, 2020, Judgment Creditors filed an *ex parte* application for an examination of Judgment Debtor John Hadayia to assist in collecting on the judgment. (Dkt. No. 7.) The application requested that Mr.

1    Hadayia appear for a judgment debtor examination on April 30, 2020 and produce enumerated
2    documents a week prior, on April 23, 2020.  (Dkt. No. 7.)  The Court granted the request.  (Dkt.
3    No. 8.)   On April 24, 2020, Judgment Creditors sought to continue the judgment debtor
4    examination until June 11 in light of the shelter in place restrictions. (Dkt. No. 10.)  The Court
5    granted the request ordering Mr. Hadayia to appear for the examination on June 11 and produce
6    the requested documents by May 22.  (Dk.t No. 11.)  On June 4, 2020, Judgment Creditors filed
7    the now pending motion to compel seeking an order requiring Mr. Hadayia to produce the
8    documents sought in connection with the judgment debtor examination.  (Dkt. No. 12.)  A few
9    days later, Judgment Creditors requested that the judgment debtor examination be continued again
10   until October 6, 2020 in light of the on-going shelter in place restrictions, which the Court granted.
11   (Dkt. Nos. 16 and 17.)

## DISCUSSION

Under Federal Rule of Civil Procedure 69(a)(2) a judgment creditor is authorized to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." "The discovery contemplated by Rule 69(a) is a distinct phase of the litigation with a narrow focus. It is solely to enforce the judgment by way of the supplemental proceedings." *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978).  Such discovery generally has two purposes: (1) "to identify assets that can be used to satisfy a judgment" and (2) "to discovery concealed or fraudulently transferred assets." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, No. C 06-3219 JW RS, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009) (internal citations omitted).  "The presumption should be in favor of full discovery of any matters arguably related to the [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the judgment." *Internet Direct Response, Inc. v. Buckley*, 2010 WL 1752181, at *2 (C.D. Cal. Apr. 29, 2010) (quoting *Credit Lyonnais, S.A. v. SGC Int'l, Inc.*, 160 F.3d 428, 430–31 (8th Cir. 1998)). "A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery [of] the identity and location of any of the judgment debtor's assets, wherever located." *Ryan*, 2009 WL 5114077, at *1.

Here, Judgment Creditors included a document request with their application for a judgment debtor examination. (Dkt. No. 7 at 8-14.) Judgment Creditors seek an assortment of financial, income, and property documents which could be used to discover the Judgment Debtor's assets. See *Ryan*, 2009 WL 5114077, at *1 ("[T]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor."); *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 2000 WL 713057, at *5 (S.D.N.Y. June 2, 2000) ("A judgment creditor is therefore ordinarily entitled to a very thorough examination of a judgment debtor with respect to its assets, including discovery [of] the identity and location of any of the judgment debtor's assets, wherever located."). Accordingly, the Court grants the Judgment Creditors' motion to compel production of these documents.

## CONCLUSION

For the reasons stated above, the Judgment Creditors' motion to compel is GRANTED. Mr. Hadayia is ordered to provide the documents set forth in Exhibit A to the application for a judgment debtor examination. (Dkt. No. 7 at 8.) Mr. Hadayia must do so by August 1, 2020. Failure to do so may result in sanctions. Mr. Hadayia's judgment debtor exam remains scheduled for October 6, 2020.

Judgment Creditors shall serve Mr. Hadayia with a copy of this Order and Exhibit A to the application for a judgment debtor examination within 5 days and file proof of service of the same.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: June 26, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge